```
UNITED STATES DISTRICT COURT            (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
WAVES AUDIO, LTD., WAVES, INC.,     :   09 Civ. 2282 (JCF)
                                    :   09 Civ. 2285 (JCF)
             Plaintiffs,            :
                                    :       MEMORANDUM
    - against -                     :   AND   ORDER
                                    :
RECKLESS MUSIC, LLC, d/b/a Skyline  :
Recording Studio and John Does      :
1-5,                                :
                                    :
             Defendants.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This is a copyright infringement action concerning audio software designed for use in recording studios. Following a jury trial, the defendant, Reckless Music, LLC, doing business as Skyline Recording Studio ("Skyline"), was found liable for infringing two versions of copyrighted software created by the plaintiffs, Waves Audio, Ltd., and Waves, Inc. (collectively "Waves"). Waves now moves for an award of attorneys' fees and costs pursuant to the Copyright Act of 1976, 17 U.S.C. § 505. For the reasons that follow, the motion is denied.

Background

Waves creates and markets software used by studio engineers and others for purposes of sound recording. In order to police its copyrights, Waves conducts investigations in which one of its employees visits recording studios posing as someone interested in contracting for services offered by the studio. In the process of discussing the services available, the representative attempts to determine if the studio is utilizing Waves software without a

1

proper license.

In January 2007, Waves representative Tomer Elbaz, acting in an undercover capacity, visited Skyline along with an associate. They spoke with "Steve," who was ultimately identified as Steve Gueting, and the associate surreptitiously videotaped the meeting. During the discussion, Mr. Gueting stated that he had two Waves software packages available for use in recording, but he acknowledged that they were "cracked," or unauthorized, versions.

Armed with this evidence, Waves initially sent a demand letter to Skyline, who responded that Mr. Gueting was an independent engineer and was not under the studio's control. Unsatisfied, Waves commenced an action in this Court for copyright infringement. After the completion of discovery and determination of dispositive motions, the case proceeded to trial before a jury.

At trial, Mr. Elbaz testified about the investigation, and the videotape of the visit to the studio was introduced as evidence. Jonathan Mover, the principal of Skyline, testified that music studios, including Skyline, rent space for recording sessions. According to Mr. Mover, Skyline contracts with engineers who provide technical services to the recording artists and who often supply their own hardware and software. According to Mr. Mover, Mr. Gueting was such an independent contractor, and Mr. Mover had no knowledge that he was using infringing software. When alerted to Mr. Gueting's conduct, Mr. Mover ceased doing business with him and banned him from the studio.

After the jury had been charged and began deliberating, it

sent a note requesting to hear again the instructions with respect to vicarious and contributory infringement. Thereafter, it returned a verdict in favor of Waves with respect to each of the two versions of the software at issue. In both instances, however, it found that the defendant's infringement was not willful. The jury awarded statutory damages of $15,000.00 on each of the two acts of infringement, for a total of $30,000.00.

Waves subsequently filed the instant motion.

<u>Discussion</u>

The Copyright Act provides that "the court may . . . award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The standard for awarding fees is evenhanded: it is the same for prevailing plaintiffs as for prevailing defendants. <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517, 534 (1994); <u>Matthew Bender & Co. v. West Publishing Co.</u>, 240 F.3d 116, 121 (2d Cir. 2001); <u>Briarpatch Limited, L.P. v. Geisler Roberdeau, Inc.</u>, No. 99 Civ. 9623, 2009 WL 4276966, at *4 (S.D.N.Y. Nov. 30, 2009); <u>Crown Awards, Inc. v. Discount Trophy & Co.</u>, 564 F. Supp. 2d 290, 294 (S.D.N.Y. 2008); <u>Nicholls v. Tufenkian Import/Export Ventures, Inc.</u>, No. 04 Civ. 2110, 2005 WL 1949487, at *2 (S.D.N.Y. Aug. 11, 2005). At the same time, the shifting of fees to the prevailing party is not automatic, but is a determination committed to the equitable discretion of the court. <u>Fogerty</u>, 510 U.S. at 534; <u>Matthew Bender</u>, 240 F.3d at 121. In <u>Fogerty</u>, the Supreme Court identified several nonexclusive factors that courts may consider, including "'frivolousness, motivation, objective unreasonableness (both in

3

the factual and in the legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence.'" 510 U.S. at 534 n.19 (quoting Lieb v. Topstone Industries, Inc., 788 F.2d 151, 156 (3d Cir. 1986)). Subsequently, courts have suggested additional considerations, such as the magnitude of the actual profit derived from the infringement, see Crown Awards, 564 F. Supp. 2d at 295-96, and the financial resources of the parties. See Nicholls, 2005 WL 1949487, at *5.

Whether the claims or defenses of the losing party were objectively unreasonable is a factor that is accorded substantial weight. Bryant v. Media Right Productions, Inc., 603 F.3d 135, 144 (2d Cir. 2010); Matthew Bender, 240 F.3d at 122; see, e.g., Lotus Development Corp. v. Borland International, Inc., 140 F.3d 70, 74-75 (1st Cir. 1998) (affirming denial of fees because copyright holder's claims were neither frivolous nor objectively unreasonable); Harris Custom Builders, Inc. v. Hoffmeyer, 140 F.3d 728, 730-31 (7th Cir. 1998) (vacating award of fees because losing party's claims were objectively reasonable); EMI Catalogue Partnership v. CBS/Fox Co., No. 86 Civ. 1149, 1996 WL 280813, at *2 (S.D.N.Y. May 24, 1996) (finding copyright owner's claim not so objectively unreasonable as to justify award of attorneys' fees). This policy is "firmly rooted in the admonition that an award of attorneys' fees must comport with the purposes of the Copyright Act." Earth Flag Limited v. Alamo Flag Co., 154 F. Supp. 2d 663, 666 (S.D.N.Y. 2001). A court need not determine that a claim or

4

defense was frivolous or asserted in bad faith in order to find that it was objectively unreasonable. Briarpatch Limited, 2009 WL 4276966, at *5.

In this case, the defenses advanced by Skyline were not unreasonable. Its primary argument was that it had no control over engineers who acted as independent contractors and brought their own software for use in the studio. Indeed, Mr. Mover's testimony that he had no knowledge of the software that Mr. Gueting was using in his recording sessions was unrebutted. Moreover, once Mr. Gueting's conduct was brought to the attention of Mr. Mover, he was banned from Skyline. Thus, Skyline was not a direct infringer. Nevertheless, the jury found the defendant liable, apparently for vicarious infringement on the basis that Skyline had a financial interest in Mr. Gueting's activities and had the right and ability to supervise them. See Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 308 (2d Cir. 1963) (holding vicarious infringement appropriate where defendant is "in a position to police the conduct of the 'primary' infringer"); Irwin v. ZDF Enterprises GmbH, No. 04 Civ. 8027, 2006 WL 374960, at *4 n.3 (S.D.N.Y. Feb. 16, 2006) ("A party may be held vicariously liable for copyright infringement 'when the right and ability to supervise coalesce with an obvious and direct financial interest in the exploitation of copyrighted materials.'" (quoting Shapiro, Bernstein & Co., 316 F.2d at 307)); Arista Records, Inc. v. Mp3Board, Inc., No. 00 Civ. 4660, 2002 WL 1997918, at *10 (S.D.N.Y. Aug. 29, 2002) ("A company may be found vicariously liable for copyright infringement if it has the right

and ability to supervise infringing activity and also has a direct financial interest in that activity.").

"In an appropriate case, the presence of other factors might justify an award of fees despite a finding that the nonprevailing party's position was objectively reasonable." Matthew Bender, 240 F.3d at 122. This, however, is not such a case, because the remaining factors also favor Skyline or are neutral. There is no suggestion that Skyline's conduct either prior to or in the course of litigation was frivolous or improperly motivated. The goals of compensation and deterrence are fully satisfied by the statutory damage award assessed by the jury. And, finally, the financial strength of the parties counsels against an award of fees. Skyline appears to be a relatively modest one-man operation, while Waves seems fully capable of bearing its own costs. See Nicholls, 2005 WL 1949487, at *5.

Even if I were to weigh the equities differently and determine that Waves is entitled to some fee, I would sharply reduce the award from the amount sought. Plaintiff's counsel spent many hours drafting a motion for partial summary judgment that was doomed from the outset because of disputed issues of material fact. Cf. Crown Awards, 564 F. Supp. 2d at 296 (finding party's motion for summary judgment objectively unreasonable because it required credibility determination). At trial, time was expended unnecessarily because plaintiffs' counsel initially failed to provide proper authentication of Waves' copyright registrations. And, in the instant motion, the plaintiff improperly sought payment of non-

reimbursable expenses such as the airfare and accommodations of the client representative. These issues need not be dealt with in detail, however, in light of the determination that no fee award is warranted.

Conclusion

For the reasons set forth above, Waves' motion for an award of attorneys' fees is denied.[1] The Clerk of Court is respectfully requested to enter judgment in accordance with the jury verdict and close this case.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
June 9, 2010

Copies mailed this date:

Guy Weiss, Esq.
Adorno & Yoss, LLP
1349 West Peachtree Street, NE
Suite 1500
Atlanta, GA 30309

Todd R. Harris, Esq.
Adorno & Yoss LLC
350 Fifth Avenue, Suite 5720
New York, New York 10018

James Murtha, Esq.
Michelle Murtha, Esq.
Murtha & Murtha, PLLC
26 Railroad Avenue, #351
Babylon, New York 11702

---

[1] This does not preclude Waves from submitting a bill of costs to the Clerk of Court with respect to items taxable against the nonprevailing party pursuant to 28 U.S.C. § 1920.

7